1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    JULIAN CONTRERAS,                      Case No.  25-cv-07442-TLT

8                    Petitioner,

9           v.                              **ORDER CONVERTING HABEAS
                                            PETITION TO CIVIL RIGHTS CASE;
10   NAPA COUNTY DEPARTMENT OF              OF SERVICE**
     CORRECTIONS- MEDICAL,
11
                    Respondent.
12

13                                 **INTRODUCTION**

14          Julian Contreras filed a document purporting to be a petition for writ of habeas corpus. He

15   used a petition form by the Judicial Council of California intended for state, rather than federal,

16   court filings. He seeks treatment for his sleep apnea and access to his CPAP machine in the Napa

17   County Department of Corrections jail. Contreras's claims belong in a section 1983 action rather

18   than a federal habeas petition. Claims challenging "the fact or duration of the conviction or

19   sentence" are within the core of habeas, while claims challenging "any other aspect of prison life"

20   are properly brought as civil rights actions. *Nettles v. Grounds*, 830 F.3d 922, 934 (9th Cir. 2016).

21   Because the petition is amenable to conversion on its face, and deals with a medical issue that

22   could be time-sensitive, the Court will convert the petition to a section 1983 action. *See id.* at 936.

23   As a section 1983 action, the case is subject to the provisions and restrictions of the Prison

24   Litigation Reform Act. The full fee for filing a § 1983 action is $405—constituting a $350 filing

25   fee and $55 administrative fee—or, upon application for and grant of leave to proceed *In Forma*

26   *Pauperis*, the $350 filing fee alone, paid incrementally over time. If Contreras does not wish to

27   have his action converted to a civil rights complaint, he should notify the court promptly.

28          The complaint is ordered served on defendant Napa County.

*United States District Court*
*Northern District of California*

1

**DISCUSSION**

2

      **1.**    **Standard of Review**

3

      Federal courts must engage in a preliminary screening of cases in which prisoners seek

4

redress from a governmental entity, or from an officer or employee of a governmental entity.  28

5

U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims, and dismiss any

6

claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

7

seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).

8

Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed.

9

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10

      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

11

claim showing that the pleader is entitled to relief."  While specific facts are not necessary, the

12

statement needs to give the defendant fair notice of the nature of the claim and the grounds upon

13

which it rests.  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Although a plaintiff need not include

14

detailed factual allegations in a complaint, the complaint must do more than recite elements of a

15

cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to

16

raise the entitlement to relief "above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550

17

U.S. 544, 555 (2007).  A complaint must proffer "enough facts to state a claim to relief that is

18

plausible on its face."  *Id*. at 570.  The Supreme Court explained this standard: "[w]hile legal

19

conclusions can provide the framework of a complaint, they must be supported by factual

20

allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their

21

veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft*

22

*v. Iqbal*, 556 U.S. 662, 679 (2009).

23

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

24

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

25

the alleged deprivation was committed by a person acting under the color of state law. *West v.*

26

*Atkins*, 487 U.S. 42, 48 (1988).

27

      **2.**    **Legal Claims**

28

      Contreras alleges that he has not had access to his CPAP machine, nor any other treatment

United States District Court
Northern District of California

1    for his sleep apnea, since he arrived at the jail, and he often wakes up gasping for breath. He seeks

2    injunctive relief. Liberally construed, Contreras has stated a cognizable claim of deliberate

3    indifference to his serious medical needs.

**CONCLUSION**

4

5        1.        The Clerk shall reclassify this case as Nature of Suit (NOS) 555.

6        2.        The Clerk shall send Contreras the civil rights complaint IFP deficiency notice.

7        3.        The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of

8    Summons, the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of

9    this Order to defendant Napa County and a courtesy copy to Napa County Counsel.

10        4.        Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires

11   them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant

12   to Rule 4, if defendant, after being notified of this action and asked by the Court, on behalf of

13   plaintiff, to waive service of the summons, fails to do so, they will be required to bear the cost of

14   such service unless good cause can be shown for their failure to sign and return the waiver form.  If

15   service is waived, this action will proceed as if defendant had been served on the date that the

16   waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendant will not be required to serve and

17   file an answer before 60 days from the date on which the request for waiver was sent.  (This allows

18   a longer time to respond than would be required if formal service of summons is necessary.)

19   Defendant is asked to read the statement set forth at the foot of the waiver form that more

20   completely describes the duties of the parties with regard to waiver of service of the summons.  If

21   service is waived after the date provided in the Notice but before defendant has been personally

22   served, the Answer shall be due 60 days from the date on which the request for waiver was sent or

23   20 days from the date the waiver form is filed, whichever is later.

24        5.        Defendant shall answer the complaint in accordance with the Federal Rules of Civil

25   Procedure. The following briefing schedule shall govern dispositive motions in this action:

26            a.        If the defendant intends to file a motion for summary judgment or other

27   dispositive motion, they must do so no later than 60 days from the date the answer is due. The

28   motion must be supported by adequate factual documentation, must conform in all respects to

United States District Court
Northern District of California

United States District Court
Northern District of California

Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendant may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendant is entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than 28 days after the date on which defendant's motion is filed.

c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendant argues that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above; in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and

5

United States District Court
Northern District of California

1    motions for summary judgment. *Woods*, 684 F.3d at 935.)

2         d.    Defendant shall file a reply brief no later than 14 days after the

3    date plaintiff's opposition is filed.

4         e.    The motion shall be deemed submitted as of the date the reply brief is due.

5    No hearing will be held on the motion unless the Court so orders at a later date.

6    6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil

7    Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendant to depose

8    plaintiff and any other necessary incarcerated witnesses.

9    7.    All communications by plaintiff with the Court must be served on defendant or

10   their counsel, once counsel has been designated, by mailing a true copy of the document to them.

11   8.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

12   informed of any change of address and must comply with the Court's orders in a timely fashion.

13   Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

14   while an action is pending must promptly file a notice of change of address specifying the new

15   address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail

16   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2)

17   the Court fails to receive within sixty days of this return a written communication from the *pro se*

18   party indicating a current address. *See* L.R. 3-11(b).

19   9.    Upon a showing of good cause, requests for a reasonable extension of time will be

20   granted provided they are filed on or before the deadline they seek to extend.

21   10.    The Clerk shall include a copy of the court's complaint form with a copy of this

22   order to plaintiff.

23   **IT IS SO ORDERED.**

24   Dated: September 9, 2025

25

26

27   TRINA L. THOMPSON
     United States District Judge

28